NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| JENNIFER A. LOVE and STEPHEN HAUPERT,<br><br>Plaintiffs,<br>v.<br><br>NELSON VELASQUEZ aka NELSON MORALES and DANIEL NERIS aka DANIEL HERNANDEZ,<br><br>Defendants. | Civ. No. 12-95<br><br>OPINION |

THOMPSON, U.S.D.J.[1]

## I. INTRODUCTION

This matter is before the Court upon Plaintiffs' Motion for Default Judgment on Liability (ECF No. 44). Defendants have failed to oppose the motion or appear in this action. The Court has decided this matter upon consideration of the written submissions and a hearing held on June 9, 2017. For the reasons stated on the record at the hearing as well as those set forth below, the Court grants Plaintiffs' motion.

## II. BACKGROUND

This case is based on a car accident that allegedly occurred between Plaintiffs and Defendant Velasquez on July 16, 2012. Plaintiffs allege that Defendant Velasquez acted with gross negligence by driving a vehicle under the influence of alcohol on the wrong side of the road. Further, Defendant Velasquez allegedly struck the vehicle that Plaintiff Haupert was driving (and of which Plaintiff Love was a passenger). Plaintiffs also allege that Defendant

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Neris rented the vehicle that Defendant Velasquez was driving, and that Neris negligently entrusted the vehicle to Defendant Velasquez.

The Clerk of Court previously entered Default against Defendants. (ECF No. 24). Plaintiffs subsequently filed the instant motion for default judgment on liability. (ECF No. 44).

### III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter judgment by default when a party has failed to plead or otherwise defend the action. The decision to enter a default judgment is left to the sound discretion of the trial court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, the Third Circuit has expressed a strong preference for cases to be adjudicated on the merits and disfavors default judgment as it is a sanction of last resort. *Id.* at 1181.

To be entitled to a default judgment, the plaintiff's well-pleaded facts must assert a legally sufficient claim for relief. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.2d 114, 137 n. 23 (2d Cir. 2011) ("Most of our sister circuits appear to have held expressly that a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.") (citing precedents in the First, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Tenth, and Eleventh circuits); *Eastern Constr. & Elec., Inc. v. Universe Techs., Inc.*, 2011 WL 53185, at *3 (D.N.J. Jan. 6, 2011) ("Default judgment is permissible only if the plaintiff's factual allegations establish a right to the requested relief."). Under Federal Rule of Civil Procedure 55(b)(2), courts presented with a motion for default judgment may conduct hearings to "determine the amount of damages," "establish the truth of any allegation by evidence" or "investigate any other matter."

Additionally, The Third Circuit has established a three-factor test to determine whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether

the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Here, it appears that Plaintiffs have set forth legally sufficient claims of gross negligence against Defendant Velasquez and negligent entrustment against Defendants Neris. Additionally, it appears that Plaintiffs have properly served Defendants. (*See* ECF Nos. 19, 22). Finally, consideration of the factors set forth in *Chamberlain* shows Plaintiffs' motion for default judgment should be granted. *See id*. Defendants' failure to answer the Complaint prejudices Plaintiffs. Plaintiffs are being denied the opportunity to obtain relief, and the significant delay in this case may affect Plaintiffs' ability to effectively pursue their claims. Additionally, Defendants are responsible for their failure to answer the Complaint. Accordingly, Plaintiffs' motion for default judgment on liability is granted.

IV. CONCLUSION

For the foregoing reasons as well as those stated on the record on June 9, 2017, Plaintiffs' motion for default judgment on liability is granted. However, the Court will hold a hearing regarding the amount of Plaintiffs' damages. Plaintiffs will be required to provide further documentation to the Court regarding their claims for damages at least 14 days prior to such hearing. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: June 14, 2017